Mark D. Kemple (State Bar No. 145219)
Email: mkemple@jonesday.com
Ruth Holt (State Bar No. 223152)
Email: rmholt@jonesday.com
JONES DAY
555 South Flower, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendants
Lennar Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRIAN FABER,

Plaintiff,

v.

LENNAR CORPORATION, and DOES 1-100, INCLUSIVE,

Defendants.

Case No. ED 09-CV-0289 VAP (RCx)

**[~~PROPOSED~~] PROTECTIVE ORDER**

NOTE: CHANGES MADE BY THE COURT

WHEREAS Plaintiff Brian Faber and Defendant Lennar Corporation (jointly the "Parties") stipulated to the entry of an agreed protective order (the "Protective Order");

WHEREAS the Parties represent that certain discovery materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery, may contain confidential non-public information of a personal, financial, and/or commercial nature which may constitute a trade secret or proprietary information.

WHEREAS the Parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate proprietary and privacy concerns;

WHEREAS the Parties entered into a Stipulation to address these concerns;

PURSUANT TO THE PARTIES' STIPULATION AND GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Protective Order that shall govern the production and disclosure of all information designated as "CONFIDENTIAL" pursuant to Paragraph 5 for discovery and all discovery related pre-trial proceedings. This Protective Order is not intended to govern non-discovery related pre-trial proceedings, trial or any appeal of this case. The Parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" pursuant to this Protective Order for all non-discovery related pre-trial proceedings, at trial and upon any appeal of this case.

2. For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

3.     This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

4.     The Parties shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 6, 9 and 11 below.

5.     Any party may designate any Discovery Materials it deems to be confidential (the "Designating Party"), including Discovery Materials that refer or relate to individual employment records and files, by designating such Discovery Materials as "CONFIDENTIAL."

6.     Except as provided in paragraphs 9 and 11, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

(a)     Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

(b)     "CONFIDENTIAL" designated Discovery Materials shall only be disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named individual parties, which includes employees of any company, assisting in the defense of the action; (3) consultants, in accordance with the terms specified below in paragraph number 6(d); and (4) the Court and those individuals employed by the Court.  There shall be no other permissible dissemination of CONFIDENTIAL Discovery Materials.

(c) No copies, extracts or summaries of any document designated "CONFIDENTIAL" shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

(d) Counsel of Record may allow access to Discovery Material designated "CONFIDENTIAL" to any retained consultants, provided that any such consultant who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit A. Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Material designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel of Record disclosing such material to consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings. No "CONFIDENTIAL" Discovery Material may be disclosed to a Consultant prior to execution of the form attached as Exhibit A.

(e) During depositions, Counsel of Record may question any witness about any Discovery Material designated "CONFIDENTIAL." However, where the witness or deponent testifies about such designated Discovery Material, the party who marked the material "CONFIDENTIAL" may instruct the Court Reporter to mark and seal such testimony as separate from the public record. Any "CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked and "CONFIDENTIAL" portions, including exhibits consisting of

"CONFIDENTIAL" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the Parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

(f) Any party intending to attach, quote, summarize, or otherwise utilize "CONFIDENTIAL" Discovery Materials" in any pleadings, motion papers or other papers filed with this Court or any other court, shall provide the Designating Party with 7 court days advance written notice of such intent as well as a written description of the "CONFIDENTIAL" Discovery Materials the party intends to attach, quote, summarize or otherwise utilize sufficient for the Designating Party to identify such "CONFIDENTIAL" Discovery Materials. Thereafter, the Designating Party shall request the Court file such Discovery Materials under seal in accordance with this Court's Civil Local Rule 79-5. The parties shall not oppose any application, ex-parte or otherwise, filed in this regard.

7. In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL," pursuant to paragraph five, above.

8. At the request of any designating party, made in writing or on the record or during the course of a deposition, the deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee or consultant of the designating party shall initially be considered, as a whole, to constitute "CONFIDENTIAL" Information subject to the Protective Order, and the original and all copies of such deposition transcripts shall be marked accordingly as "CONFIDENTIAL" by the reporter. Upon the written demand of a

receiving party made after receipt of transcript, the designating party shall have twenty (20) days after receipt of the deposition transcript to designate in writing to the other party and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information. If no such designation is made within twenty (20) days after receipt of the deposition transcript, the receiving party shall submit a second written demand by facsimile to the designating party notifying the designating party that it has three (3) business days from the date of the second written demand in which to designate in writing to the other party and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information. If, at the expiration of the three business day period, the designating party fails to provide written notice of its intent to designate the information as "CONFIDENTIAL," then the "CONFIDENTIAL" designation of the deposition transcript shall be deemed waived. Each party and the Court Reporter shall attach a copy of such written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with the Protective Order.

9. Should one or more Counsel of Record wish to disclose any "CONFIDENTIAL" Discovery Materials produced by another party to a person not authorized by this Protective Order to review such "CONFIDENTIAL" Discovery Materials, said counsel shall first provide Counsel of Record for the producing party with a clear, complete and concise statement of the reason for the proposed disclosure by written notice at least ten (10) business days prior to the proposed disclosure. The requesting Counsel of Record may include the name, address and business or professional affiliation and title (e.g., officer, director, etc.) of such person in the written notice. If Counsel of Record for the producing party objects in writing to the disclosure within said ten (10) business day period, then the party requesting consent shall not proceed with the proposed disclosure, the Parties shall

engage in good faith efforts to resolve the matter informally and, if those efforts should fail, the party designating the material as “CONFIDENTIAL” may seek relief from the Court as provided in paragraph 11 below.

10. The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

11. Any disputes arising under this Protective Order, including any disputes regarding whether information designated as "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL", to the extent that the Parties do not resolve such disputes informally or pursuant to the procedures set forth in paragraph 9, shall be brought before the Court pursuant to the procedures delineated in Local Rule 37. The party asserting confidentiality shall have the burden of proving that the “CONFIDENTIAL” information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(a) of the Federal Rules of Civil Procedure. Prior to the determination of any such motion, the disputed information shall be treated by the Parties as “CONFIDENTIAL.” If such motion is granted in favor of the objecting party and five days have passed after entry of an order granting the motion, then the prevailing party may disclose the information.

12. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within 60 days thereof:

(a) Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked “CONFIDENTIAL” received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of

"CONFIDENTIAL" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery Materials within ten (10) business days of destruction; and

(b) Unless otherwise agreed, Counsel for the party that filed any "CONFIDENTIAL" Discovery Materials under seal with the Court, shall request the Clerk of the Court to return such documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order.

13. Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary documents, information or any other discovery material or trade secrets, including, but not limited to, restrictions on disclosure. Nothing contained herein relieves any party of its obligation to respond to discovery properly initiated pursuant to the Discovery Order.

14. Pursuant to Fed. R. Civ. Proc. Rule 26, the Parties have stipulated to the following treatment of any privileged or work product materials inadvertently disclosed in this action. Disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. Any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind. If any such material is inadvertently produced, the recipient of the document agrees that, upon

request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine. The Parties have acknowledged and stipulated that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by the work product doctrine is deemed inadvertent and does not amount to a waiver.

15. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the Parties.

16. Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

17. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order. Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

The Parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED; as amended in para. 11

Dated: __September 22__, 2009

_/S/ Rosalyn M. Chapman ___
Hon. Rosalyn M. Chapman
United States Magistrate Judge

EXHIBIT A

AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Protective Order entered into on behalf of the Parties to *BRIAN FABER, v. LENNAR CORPORATION, and DOES 1-100, INCLUSIVE, Case No. ED 09-CV-0289 VAP (JWJx)*, pending in the United States District Court, Central District of California; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order.

Dated: ______________________

______________________________
Name

______________________________
Address

______________________________

______________________________